UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DOLORES MARTIN, <br><br> Plaintiff, <br><br> v. <br><br> SITE CENTERS CORP. d/b/a Highland Grove Shopping Center and TARGET CORP., <br><br> Defendants. | CAUSE NO.: 2:21-CV-139-TLS-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Remand [ECF No. 9], filed by Plaintiff Dolores Martin on May 6, 2021. The Plaintiff argues that the removal in this case was improper due to lack of diversity of citizenship under 28 U.S.C § 1332 and requests that the Court remand the case to state court. For the reasons set forth below, the Court takes the motion under advisement and orders the Defendants to file a supplemental jurisdictional statement setting forth the citizenship of Diaz Group, LLC.

**BACKGROUND**

On December 30, 2020, the Plaintiff was injured when she slipped on water and ice, lost her balance, and fell on the sidewalk entering a Target store in Highland, Indiana. Compl. Count I ¶¶ 1, 7, ECF No. 6. On January 11, 2021, the Plaintiff filed a Complaint [ECF No. 6] in the Lake County, Indiana, Superior Court against Site Centers Corp. and Target Corp. On January 28, 2021, the Defendants advised the Plaintiff of the existence of a snow removal contractor responsible for the area where the Plaintiff fell and that defense counsel would attempt to

1

determine the identity of the contractor. Pl.'s Ex. A 1, ECF No. 9-2. In an April 1, 2021 email, the Defendants again indicated that counsel was attempting to identify the contractor. *Id.* at 2.

On April 22, 2021, at 8:34 a.m., Plaintiff's counsel sent an email to Defendants' counsel inquiring whether the snow removal company had been identified. *Id*. at 3.

An hour later, at 9:31 a.m., the Defendants filed an Answer in the state court, which included an Affirmative Defense identifying Diaz Group, LLC as a non-party that proximately caused in full or in part the Plaintiff's claimed injuries and damages, if any. *See* Answer 7–8, ECF No. 7; Pl.'s Ex. B 7–8, ECF No. 9-2.

At 5:27 p.m. that afternoon, the Plaintiff filed in the state court a "Plaintiff's Motion, Pursuant to Trial Rules 15 for Leave to File an Amended Complaint Adding the Diaz Group LLC an Additional Party Defendant," the First Amended Complaint, and a proposed Order. *See* Pl.'s Ex. C, ECF No. 9-2; Defs.' Ex. A, ECF No. 11-1; Defs.' Ex. C, ECF No. 11-3. All three documents filed by the Plaintiff are stamped with the date and time in the upper right-hand corner as "Filed: 4/22/2021 5:27 PM, Clerk, Lake County, Indiana." *See* Defs.' Exs. A, C; Pl.'s Ex. C. The motion was entered on the state court Chronological Case Summary ("CCS") the following day, April 23, 2021, as depicted below.

On April 23, 2021, at 9:41 a.m., the Defendants filed a Notice of Removal in this Court, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). *See* Notice of Removal, ECF No. 1; Defs.' Ex. B, ECF No. 11-2. In the Notice, the Defendants allege that the Plaintiff is a citizen of Illinois, Target Corp. is a citizen of Minnesota, and Site Centers Corp. is a citizen of Ohio and that the amount in controversy exceeds $75,000. Notice of Removal ¶¶ 3–5, 8.

Also on April 23, 2021, the state court issued an order granting the Plaintiff's motion to amend complaint. *See* Pl.'s Ex. C. Although the exact time of the state court order is not in the

record, the order was entered on the state court CCS prior to the Notice of Removal filed by the Defendants in the state court, as shown below. *See* Pl.'s Ex. D 3, ECF No. 9-2.[1] The Notice of Removal filed in the state court is date and time stamped in the upper right-hand corner as "Filed: 4/23/2021 2:28 PM, Clerk, Lake County, Indiana." Defs.' Ex. D, ECF No. 11-4. Later that night, at 11:40 p.m., the Defendants received an email distribution of the state court Order granting the Plaintiff's motion for leave to amend. *See* Defs.' Ex. C, ECF No. 11-3.

The following are the relevant entries as they appear on the state court CCS:

| Date | Entry |
|---|---|
| 01/11/2021 | Complaint/Equivalent Pleading Filed<br>Complaint<br>Filed By:     Martin, Dolores<br>File Stamp:     01/11/2021 |
| . . . | |
| 4/22/2021 | Answer Filed<br>Answer to Plaintiff's Complaint<br>Filed By:     Site Centers Corp d/b/a Highland Grove Shopping Center<br>Filed By:     Target Corp<br>File Stamp:     04/22/2021 |
| 04/23/2021 | Motion Filed<br>Motion to File an Amended Complaint<br>Filed By:     Martin, Dolores<br>File Stamp:     04/22/2021 |
| 04/23/2021 | Order Granting<br>Motion to Amended Complaint<br>Judicial Officer:     Hawkins, Calvin Delee<br>Order Signed:     04/23/2021 |
| 04/23/2021 | Notice of Removal to Federal Court Filed<br>Notice of Filing Notice of Removal<br>Filed By:     Site Centers Corp d/b/a Highland Grove Shopping Center<br>Filed By:     Target Corp<br>File Stamp:     04/23/2021 |

---

[1] The date and time stamp in the upper right-hand corner of the state court order provides: "Filed: 4/22/2021 5:27 PM, Clerk, Lake County, Indiana." Pl.'s Ex. C. However, this appears to be the date and time stamp from when the Plaintiff filed the proposed order with her motion on April 22, 2021.

3

| | |
|---|---|
| 04/24/2021 | Automated ENotice Issued to Parties<br>Order Granting - - - - 4/23/2021 : Catherine Breitweiser-Hurst; Edward W. Hearn; Robert A. Montgomery |
| 04/26/2021 | Certificate of Service – separately filed<br>Summons Diaz Group LLC<br>Filed By:          Martin, Dolores<br>File Stamp:     04/25/2021 |
| 04/26/2021 | Notice of Removal to Federal Court Filed<br>Filed By:          Northern District of Indiana Hammond Division |

Pl.'s Ex. D.

On May 6, 2021, the Plaintiff filed the instant Motion to Remand [ECF No. 9], which is fully briefed.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *See* U.S. Const. Art. III; *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "A defendant has the right to remove a case from state to federal court when the federal court could exercise jurisdiction in the first instance." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510 (7th Cir. 2006) (citing 28 U.S.C. § 1441). The removing defendant bears the burden of establishing subject matter jurisdiction. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). "[F]ederal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Id.* (citing *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). "If at any time . . . it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Under diversity jurisdiction, which is asserted in this case, federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of

$75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). To invoke diversity jurisdiction under 28 U.S.C. § 1332, complete diversity is required, meaning that no plaintiff may be a citizen of the same state as any defendant. *Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 676 (7th Cir. 2006) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)).

## ANALYSIS

In the instant motion, the Plaintiff argues that remand is required because Diaz Group, LLC, as a defendant and a citizen of Illinois, destroys diversity of citizenship, depriving this Court of subject matter jurisdiction. The Defendants respond that Diaz Group, LLC was not added as party prior to removal, and, thus, its citizenship is not a factor in determining whether the case was removable based on diversity jurisdiction. The Court finds that the state court had jurisdiction at the time it granted the Plaintiff's motion to amend to add Diaz Group, LLC as a defendant, making the citizenship of Diaz Group, LLC relevant at the time of removal. Accordingly, the Defendants must amend their jurisdictional allegations in support of removal to include Diaz Group, LLC's citizenship.

**A.     The Relevance of Diaz Group, LLC's Citizenship and the Jurisdiction of the State Court During the Removal Proceedings**

The first question on the instant motion to remand is whether Diaz Group, LLC was added as a party defendant prior to removal such that its citizenship is considered for purposes of diversity jurisdiction at the time of removal. The Court finds that it was.

The Seventh Circuit Court of Appeals has held that, until the state court grants a plaintiff leave to amend the complaint, the initial complaint remains in effect with respect to any basis for removal. *See Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998) ("Until the state judge granted the motion to amend, there was no basis for removal."). Once the state court issues an

order granting a motion to amend complaint, the case becomes removable on the basis of that amended complaint, if it creates grounds for removal. *Id.* In this case, the Plaintiff's original Complaint was brought only against Target Corp. and Site Centers Corp. who are of diverse citizenship from the Plaintiff. On April 22, 2021, the Defendants filed their Answer, alleging that Diaz Group, LLC was a nonparty liable for the Plaintiff's alleged injuries. Later that day, the Plaintiff filed her motion for leave to amend the complaint to add Diaz Group, LLC as a defendant, accompanied by the First Amended Complaint. The next day, the state court issued its order granting the Plaintiff's motion to amend. Thus, once the state court issued its April 23, 2021 order granting the Plaintiff's motion, Diaz Group, LLC's citizenship became relevant for purposes of removal to this Court.

However, the filing of a notice of removal divests the state court of jurisdiction over the case and any rulings issued after the removal are void. *See Roman Cath. Archdiocese of San Juan v. Acevedo Feliciano*, 140 S. Ct. 696, 700 (2020) (citing 28 U.S.C. § 1446; *Kern v. Huidekoper*, 103 U.S. 485, 493 (1881)). The Defendants filed the Notice of Removal in this federal case at 9:41 a.m. on April 23, 2021, and then filed the Notice of Removal in the state court case at 2:43 p.m. the same day. On the record before the Court, it is unknown whether the state court's April 23, 2021 order was issued before or after the Defendants filed the Notice of Removal in federal court at 9:41 a.m. However, according to the state court CCS, the order was filed *before* the Defendants filed the Notice of Removal in the state court proceedings at 2:43 p.m. Thus, the Court turns to the legal question of when the removal was effected to determine whether the state court had jurisdiction when it issued the order.

The removal statute requires the defendant to "file in the district court of the United States . . . a notice of removal . . . containing a short and plain statement of the grounds for

removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). The defendant must also give notice of the removal to the adverse parties and the state court:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, *which shall effect the removal* and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1446(d) (emphasis added). Thus, a removing defendant must (1) file the notice of removal with the federal court, (2) give written notice of the removal to all adverse parties, and (3) file a copy of the notice of removal with the clerk of the state court. *See Snyder v. Wal-Mart Stores, Inc.*, No. 18 C 583, 2018 WL 1586246, at *2 (N.D. Ill. Apr. 2, 2018) (citing cases). Although it appears that the Seventh Circuit has not addressed at what point the notice of removal is effected, district courts in this circuit have held "that defendants must satisfy all three elements for removal to take effect." *Id.* (citing cases).

As relevant to the instant motion, this Court finds that, at a minimum, the state court retains jurisdiction over the case until the defendant files a copy of the notice of removal with the state court. *See Snyder*, 2018 WL 1586246, at *3 ("[T]he majority of other circuits have held that removal is not effective *at least* until the notice has been filed with the state court." (citing cases)); *see also Fenton v. Dudley*, 761 F.3d 770, 772 (7th Cir. 2014) (finding, in dicta, that the state court's decision to enter an injunction after the case had been removed was "clearly contrary to [§ 1446(d)], which provides that, once a defendant has filed a notice of removal with the state court, the state court may 'proceed no further *unless and until* the case is remanded'" (quoting § 1446(d))); *Jeffrey v. Cross Country Bank*, 131 F. Supp. 2d 1067, 1068 (E.D. Wis. 2001) ("[T]he rule most consistent with the language of § 1446(d) is that removal is not effective until all the steps required by the statute have been completed." (citing *Anthony v. Runyon*, 76

F.3d 210, 214 (8th Cir. 1996); Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3737 (3d ed. 1998))).

In this case, the state court order granting the Plaintiff leave to amend the complaint to add Diaz Group, LLC as a defendant was issued *prior* to the Defendants filing a copy of the notice of removal in the state court. Thus, the state court had jurisdiction to issue the order granting the Plaintiff's motion to amend. As a result, the citizenship of Diaz Group, LLC must be considered in determining whether this Court had subject matter jurisdiction based on diversity of citizenship at the time of removal.

The Court recognizes that, prior to removal, the Plaintiff had not yet separately filed the First Amended Complaint on the state court docket. The Defendants argue this should preclude consideration of Diaz Group, LLC's citizenship for purposes of removal. However, the state court's order granted the motion to amend prior to removal. Any deficiencies or doubts in the record are construed against the removing defendant. *See Schur*, 577 F.3d at 758; *Disher v. Citigroup Glob. Mkts., Inc.*, 487 F. Supp. 2d 1009, 1018 (S.D. Ill. 2007) (finding that it was unclear whether the state court had granted the motion for leave to file an amended complaint prior to removal of the action and construing deficiencies in the record against the removing defendant (citing *Vogel v. Merck & Co.*, 476 F. Supp. 2d 996, 1000–01 (S.D. Ill. 2007))).

Finally, the Defendants also argue that, because the First Amended Complaint was not filed prior to removal, the burden is on the Plaintiff to establish Diaz Group, LLC's citizenship under 28 U.S.C. § 1447(e). However, § 1447(e) applies when a plaintiff seeks to join additional defendants after removal and the joinder of the additional defendants would destroy subject matter jurisdiction. *See* 28 U.S.C. § 1447(e). Again, the Plaintiff sought and was granted leave to join Diaz Group, LLC in the state court prior to removal. Thus, § 1447(e) is inapplicable.

Accordingly, the citizenship of Diaz Group, LLC is relevant to the Court's jurisdiction at the time of removal.

**B.     Citizenship of Diaz Group, LLC**

In her motion, the Plaintiff, who is a citizen of Illinois, alleges that Diaz Group, LLC is also a citizen of Illinois, destroying diversity of citizenship and requiring remand. For purposes of diversity jurisdiction, "the citizenship of an LLC is the citizenship of each of its members" as of the date the notice of removal was filed. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) (citation omitted). If any members of the limited liability company are themselves limited liability companies, the citizenship of those members must be alleged as well. *Id.* If any members of the limited liability company are natural persons, the allegation of citizenship must identify the person's domicile, not the person's residence. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run. An allegation of 'residence' is therefore deficient." (citations omitted)).

The Defendants' Notice of Removal filed in this Court did not include citizenship allegations for Diaz Group, LLC because the state court had not yet granted the Plaintiff's motion to amend. And, in her motion, the Plaintiff does not identify the members of Diaz Group, LLC but rather only its managers. Based on this record, the Court cannot resolve the question of its jurisdiction at the time of removal. Nevertheless, it is appropriate to allow the Defendants, as the parties seeking this Court's jurisdiction on removal, to amend their allegations of diversity of citizenship to include the citizenship of Diaz Group, LLC. *See Dancel v. Groupon, Inc.*, 940 F.3d 381, 385 (7th Cir. 2019) (citing 28 U.S.C. § 1653).

As a final housekeeping matter, the First Amended Complaint has not yet been separately filed on the docket. Because this Court's subject matter jurisdiction is still at issue, the Court withholds addressing the filing of the First Amended Complaint until the jurisdictional issue is resolved.

## CONCLUSION

For the foregoing reasons, the Court hereby TAKES UNDER ADVISMENT the Motion to Remand [ECF No. 9]. The Court ORDERS the Defendants to FILE on or before December 6, 2021, a supplemental jurisdictional statement to allege the citizenship of Diaz Group, LLC.

SO ORDERED on November 8, 2021.

                                                s/ Theresa L. Springmann
                                                JUDGE THERESA L. SPRINGMANN
                                                UNITED STATES DISTRICT COURT